# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

KATHLEEN GUERTIN,

    Plaintiff,

vs.

THE ARCHDIOCESE OF DUBUQUE,

    Defendant.

No. C05-1011

**ORDER**

_____

This matter comes before the court pursuant to plaintiff's September 14, 2005 motion to compel discovery (docket number 15). Specifically, plaintiff seeks to discover 49 pages of documents in the defendant's possession regarding Father Patrick W. McElliott. Plaintiff alleges in her complaint that she was sexually abused by Father McElliott during the 1961-1962 school year. Defendant objects to producing the requested documents, arguing they are prohibited from disclosure by Article 1, Section 3 of the Iowa Constitution, the 1st Amendment to the United States Constitution, and Iowa Code § 622.10.

On September 22, 2005, the court ordered that the defendant produce the requested documents for an in camera inspection. The documents were produced on September 28, 2005 and have been reviewed carefully.

## The Establishment Clause

The defendant argues that production of the requested documents would violate the Establishment Clause as Canon 384 establishes a confidential relationship between a diocesan bishop and his priests, including their communications, and an order compelling the production of these documents would violate the church's right to establish its own

rules and regulations for internal discipline and governance free from state interference.[1] The defendant contends that compelling production would inhibit religion by destroying the confidential relationship between the bishop and his priests, and would constitute excessive government entanglement with religion. According to the defendant, most of the documents requested by the plaintiff are correspondence between Father McElliott and other clergy within the Archdiocese in furtherance of their religious duties.

The plaintiff argues in response that the freedom of religion articulated in the Iowa Constitution and the U.S. Constitution is not implicated in this case because it is not an ecclesiastical matter, just as the discovery of documents relating to this case is not an ecclesiastical matter. The plaintiff states that this is not a case involving doctrinal issues of the Roman Catholic Church or of the Archdiocese of Dubuque, but instead is a civil action for money damages, which is the type of case that has been held not to run afoul of the Establishment Clause.

The court agrees with the plaintiff. The case at hand is a civil lawsuit which does not rely upon church doctrinal issues. Discovery of the type requested by the plaintiff does not constitute state interference into the church's right to establish its own rules and regulations for internal discipline and governance. Moreover, not all of the documents at issue suggest that they were intended to be confidential, and many of them cannot be characterized as correspondence among priests and bishops in furtherance of their religious duties. For these reasons, the court will not prohibit disclosure of the documents based upon either the First Amendment to the United States Constitution nor Article 1, Section 3 of the Iowa Constitution.

---

[1]According to the defendant's brief, the Code of Canon Law serves as the Roman Catholic Church's source of rules and regulations for internal discipline and government. Canon 384 provides: "With special solicitude, a diocesan bishop is to attend to presbyters (priests) and listen to them as assistants and counselors. He is to protect their rights and take care that they correctly fulfill the obligations proper to their state . . ."

Iowa Code § 622.10

Defendant additionally contends that the requested documents are protected from disclosure by Iowa Code § 622.10, i.e., the "priest-penitent" privilege. According to the defendant, the documents at issue contain statements by and between members of the clergy and an Archbishop, and have not only the hallmarks of the penitential dialogue, but also a broader range of confidentiality rendered in the clergy's professional capacities which were and are necessary and proper for the discharge of the clergy's office. As to those communications to clergy from lay people and any return correspondence, defendant argues, it is equally clear that these communications fall within the protections offered by §622.10. Plaintiff counters that the documents at issue are not protected from disclosure by § 622.10 as the "priest-penitent" privilege does not protect intra-clergy communications.

Section 622.10 provides, in pertinent part:

> [A] member of the clergy shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

In determining whether a communication to a member is protected by § 622.10, the Iowa Supreme Court found that the communication at issue must be: "(1) confidential; (2) entrusted to a person in his or her professional capacity; and (3) necessary and proper for the discharge of the function of the person's office." State v. Richmond, 590 N.W.2d 33, 35 (Iowa 1999). This federal district court had previously found the following conditions must be met before allowing the priest-penitent privilege, i.e., "(1) That the statements are made in the usual course of the discipline; (2) That the person claiming the privilege is allowed by the statute to claim it; (3) That the communication was secret; and (4) That

3

the statements be penitential in character[2] and made by the penitent." Cimijotti v. Paulsen, 219 F. Supp. 621, 625 (N.D. Iowa 1963).

In keeping with these parameters, the court rules as follows on the following disputed documents.

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001000 PRVL - 001002 PRVL | Motion to compel granted. Parishioner's names shall be redacted prior to production. | Statements were not penitential in character. Statements were not necessary and proper for the discharge of the function of the person's office. Statements were not made in the usual course of the discipline. |
| 001003PRVL - 001005 PRVL | Motion to compel granted. | Statements were not penitential in character. |
| 0010006PRVL - 0010008 PRVL | Motion to compel denied. | Not relevant. Not reasonably likely to lead to the discovery of admissible evidence. |

---

[2] Penitential is defined by Dictionary.com as "1. Of, relating to, or expressing penitence. 2. Showing or constituting penance." Penitence is defined as "The condition or quality of being penitent; regret for wrongdoing." Penance is defined as "1. An act of self-mortification or devotion performed voluntarily to show sorrow for a sin or other wrongdoing. 2. A sacrament in some Christian churches that includes contrition, confession to a priest, acceptance of punishment, and absolution. Also called reconciliation."

| Document(s) - Bates No. | Ruling | Rationale |
| --- | --- | --- |
| 0010009PRVL - 001010PRVL | Motion to compel granted. Parishioners' names shall be redacted prior to production. | Statements not intended to be secret. Statements were not penitential in character. Statements were not necessary and proper for the discharge of the function of the person's office. Statements were not made in the usual course of the discipline. |
| 001011PRVL - 001016PRVL | Motion to compel granted. | Statements not intended to be secret. Statements were not penitential in character. Statements were not necessary and proper for the discharge of the function of the person's office. Statements were not made in the usual course of the discipline. |
| 001017PRVL - 001019PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001020 PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001021PRVL - 001022 PRVL | Motion to compel granted. | Statements not penitential in character. |
| 001023PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001024PRVL - 001026PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001027PRVL - 001030 PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001031PRVL - 001032 PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001031PRVL - 001032PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001033PRVL - 001034PRVL | Motion to compel granted. Parishioners' names shall be redacted prior to production. | Statements not penitential in character. |
| 001035PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001036PRVL - 001037PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001038PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not penitential in character. |
| 001039PRVL- 001041PRVL | Motion to compel denied. | Not relevant. Not reasonably likely to lead to the discovery of admissible evidence. |
| 001042PRVL | Motion to compel denied. | Not relevant. Not reasonably likely to lead to the discovery of admissible evidence. |

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001043PRVL - 001046PRVL | Motion to compel denied. | Not relevant. Not reasonably likely to lead to the discovery of admissible evidence. |
| 001047PRVL - 001049PRVL | Motion to compel denied. | Not relevant. Not reasonably likely to lead to the discovery of admissible evidence. |

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to compel (docket number 15) is granted and denied as set forth above. The documents produced for the in camera inspection will be returned to defendant's counsel for immediate production to plaintiff's counsel, in accordance with this order.

November 7, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT